UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00068-GNS


**DEREK T. BROWN**                                                                    **PLAINTIFF**


**VS.**


**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                    **DEFENDANT**


**FINDINGS OF FACT, CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

BACKGROUND

Before the Court is the complaint (DN 1) of Derek T. Brown ("Plaintiff") seeking judicial

review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the

Plaintiff (DN 14) and Defendant (DN 15) have filed a Fact and Law Summary.

Pursuant to General Order No. 2014-17, this matter has been referred to the undersigned

United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of

Fact, Conclusions of Law and Recommendations.   By Order entered August 10, 2015 (DN 11),

the parties were notified that oral arguments would not be held unless a written request therefor

was filed and granted.   No such request was filed.


FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on December 14, 2012 (Tr.

158).  Plaintiff alleged that he became disabled on July 11, 2010, as a result of degenerative disc

1

disease, degenerative arthritis, depression, shortness of breath, thyroid problems, and acid reflux (Tr. 12, 266).   Administrative Law Judge Ronald M. Kayser ("ALJ") conducted a hearing on January 24, 2014, in Campbellsville, Kentucky (Tr. 12, 28).   Plaintiff was present and represented by attorney M. Gail Wilson (Tr. 12, 28).   Also present and testifying was Christopher Rymond, as a vocational expert (Tr. 12, 28).

In a decision dated March 14, 2014, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 12-23). Before addressing each step in the sequential evaluation process, the ALJ noted that Plaintiff's insured status expired on December 31, 2012 (Tr. 14).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity from July 11, 2010, the alleged onset date, through December 31, 2010, the date last insured (Tr. 14).   At the second step, the ALJ determined that Plaintiff's back pain secondary to osteoarthritis of the lumbar spine and obesity (71 inches tall and 286 pounds) are "severe" impairments within the meaning of the regulations (Tr. 14).   Notably, at the second step, the ALJ determined that Plaintiff's depression is a "non-severe" impairment within the meaning of the regulations (Tr. 14-15).   At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 15).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a restricted range of light work because he can lift and carry 20 pounds occasionally and 10 pounds frequently; can stand/walk two hours in an eight-hour workday with a sit/stand option allowing him to get up at a workstation every 35 minutes to hourly; he is limited to no prolonged standing and walking; he can sit six hours in an eight-hour workday with no limits in pushing and pulling; he has occasional use of foot controls; no climbing ropes, scaffolds, or ladders; he has occasional

2

climbing ramps and stairs, kneeling, crouching, crawling, and stooping; he has limits in temperature extremes, vibration, hazardous machinery, and heights, as well as concentrated dust, fumes, and chemicals (Tr. 16).   Relying on testimony from the vocational expert, the ALJ found through the date last insured, Plaintiff was capable of performing his past relevant work as a riveter with a sit/stand option and as an administrative clerk as he did that work (Tr. 21).

Alternatively, the ALJ made findings for step five in the sequential evaluation process (Tr. 21-23).   The ALJ considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 21-23).   The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 21-23).   Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from the alleged onset date, July 11, 2010, through the date last insured, December 31, 2012 (Tr. 23).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 8). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).

CONCLUSIONS OF LAW

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.   42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).   The term "disability" is defined as an

> [i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

3

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.   See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.   In summary, the evaluation proceeds as follows:

1)      Is the claimant engaged in substantial gainful activity?

2)      Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)      Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)      Does the claimant have the residual functional capacity to return to his or her past relevant work?

5)      Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).   At that point, the ALJ's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g);

4

Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."   Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a case for substantial evidence, the Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility."   Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

## A

Plaintiff disagrees with Finding No. 3 because the ALJ failed to find that his bilateral knee arthritis, depression, and anxiety are severe impairments (DN 14, Fact and Law Summary at p. 3-4).   Plaintiff asserts the ALJ should have found his depression is a severe impairment because Department of Veterans Affairs ("VA") records showed a diagnosis of major depressive disorder; he was being seen on a regular basis by a mental health professional; he was taking four medications for his mental health conditions; and the VA found he had a 50% disability rating for depression (Id. at p. 3).   Plaintiff alleges the ALJ should have found his bilateral knee arthritis is a severe impairment because he underwent ACL reconstructive surgery; meniscus repair on two occasions; his left knee needs to be iced and elevated due to swelling; he continues to receive treatment for the condition at the VA; and the Commissioner's consultative examiner imposed limitations on using foot controls, squatting, kneeling, crouching, and crawling because of moderate joint hypertrophy and crepitation in the left knee (Id. at p. 4).

5

The Commissioner asserts the ALJ considered the above cited evidence but found Plaintiff's mental condition was no longer severe because his anxiety and depression had improved since 2010 with treatment and medication (DN 15 Fact and Law Summary at p. 3-4, citing Tr. 15).   Additionally, the Commissioner points out in January and April 2013 a state agency psychologist and physician reviewed the file and opined Plaintiff had only mild mental functional limitations and that his anxiety and depression were non-severe impairments (DN 15 p. 4 citing Tr. 76-77, 91-92).

The Commissioner acknowledges the ALJ failed to find Plaintiff's knee problems were severe (DN 15 p. 4).   However, the Commissioner points out the ALJ considered Plaintiff's knee problems in determining Plaintiff's residual functional capacity (Id. citing Tr. 16, 63).

At the second step in the sequential evaluation process a claimant must demonstrate he has a "severe" impairment.   20 C.F.R. § 404.1520(a)(4)(ii); Higgs v. Bowen, 880 F. 2d 860, 863 (6th Cir. 1988) (per curiam).   To satisfy this burden, the claimant must show he suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement (20 C.F.R. § 404.1509) and "significantly limits" his ability to do one or more basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F. 2d at 863.   Alternatively, the claimant must show he suffers from a combination of impairments that is severe and meets the duration requirement.   20 C.F.R. § 404.1520(a)(4)(ii) and (c).   Notably:

> [A]n impairment can be considered not severe only if it is a slight abnormality that minimally effects work ability, regardless of age, education and work experience.

Higgs v. Bowen, 880 F. 2d 860, 862 (6th Cir. 1988) (citing Farris v. Sec'y of Health & Human Servs., 773 F. 2d 85, 89-90 (6th Cir. 1985)).

6

The ALJ identified substantial evidence in the record to support his finding that Plaintiff's mental condition was no longer severe because Plaintiff's anxiety and depression had improved since 2010 with treatment and medication (Tr. 15, 17, 19, 20, 76-77, 91-92).   Additionally, the undersigned finds it unnecessary to decide whether the ALJ erred in failing to find Plaintiff's knee condition is a severe impairment.   According to the regulations, upon determining that a claimant has at least one severe impairment, the Administrative Law Judge must continue with the remaining steps in the disability evaluation outlined above.   20 C.F.R. § 404.1520(a)(4)(ii) and (c).   Here, the ALJ found Plaintiff had two severe impairments and continued with the remaining steps in the disability evaluation.   At the fourth step, the ALJ reviewed the complete record regarding Plaintiff's knees which included ACL reconstructive surgery in 2003 and 2004; meniscus surgery in 2007 and 2009; injection therapy; and the March 2013 consultative examination and range of motion findings of Dr. Barefoot (Tr. 17, 18, 297-300).   Because the ALJ did consider the limitations imposed by Plaintiff's knees in determining his residual functional capacity and whether he retained sufficient residual functional capacity to allow him to return to his past relevant work and to other jobs in the national economy (Tr. 16, 20, 21-23, 63-67), the ALJ's failure to find that Plaintiff's knee problems "severe" within the meaning of the regulations could not constitute reversible error.   Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987).

B

Next, Plaintiff challenges Finding No. 4 which addressed the third step in the five step sequential evaluation process (DN 14 at p. 3).   At the third step, a claimant has the burden of demonstrating he has an impairment that meets or medically equals a listing in Appendix 1.   See, 20 C.F.R. § 404.1520(d); Burgess v. Sec'y of Health & Human Servs., 835 F. 2d 139, 140 (6th Cir.

7

1987).   To meet a listing in Appendix 1, the medical records regarding the impairment must satisfy both the diagnosis and severity requirements for the listing.   Social Security Ruling 96-5p; 20 C.F.R. § 404.1525(d); Hale v. Sec'y of Health & Human Servs., 816 F. 2d 1078, 1083 (6th Cir. 1984).   If the impairment does not meet the severity requirements of a listing, then the Administrative Law Judge looks to the opinions of the state agency medical advisors and/or the opinion of a testifying medical expert for guidance on the issue of whether the medical findings are at least equal in severity and duration to the listing findings.   20 C.F.R. § 404.1526(a) and (b); Social Security Ruling 96-5p; Deters v. Sec'y of Health, Educ. & Welfare, 789 F. 2d 1181, 1186 (5th Cir. 1986).   Since a finding that a claimant meets or equals a listing is dispositive of the case, the finding is reserved to the Administrative Law Judge.   Social Security Ruling 96-5p.

Here, Plaintiff asserts the ALJ "did not properly discuss whether" his severe knee condition, anxiety, and depression met or equaled a listing (DN 14 at p. 3).   Notably, Plaintiff does not explain why he believes the ALJ failed to properly discuss these three impairments (Id.). It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."   United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived.").   Therefore, Plaintiff's challenge to the ALJ's findings at the third step are deemed waived.

C

Next, Plaintiff disagrees with Finding No. 5 (DN 14 at p. 4-6).   Plaintiff contends the ALJ failed to properly evaluate the VA's determination on June 28, 2014 that he was unemployable based on his back condition, the condition of his knees, and depression (Id.).   Plaintiff also points

8

out that in a report Christopher Young, a vocational expert, opined that Plaintiff was not able to perform even sedentary work due to his inability to lift five to ten pounds, inability to stand or walk for the job requirements, and difficulty concentrating due to side effects caused by medication (Id.).

The Commissioner asserts that the ALJ did meet his obligations under the regulations when he considered the VA's disability determination (DN 15 at p. 6-7).   The Commissioner acknowledges that in March of 2011, rehabilitation counselor, Christopher Young, M.A., C.R.C., opined that Plaintiff would likely not be able to secure or follow a gainful occupation due to his service related disabilities (Id. at p. 7).   The Commissioner argues the ALJ's failure to explicitly consider and assign weight to Mr. Young's vocational conclusions was a harmless error (Id. at p. 7-9).

The ALJ noted that Plaintiff had received a disability pension from the VA (Tr. 17).   In pertinent part the ALJ's evaluation reads as follows:

> [T]he VA found his physical and mental impairments were all service connected and gave the claimant 50 percent disability for depressive disorder and 40 percent disability for lumbar and thoracic degenerative disc disease.   However, they also found that "Because he has not been shown to fail sedentary work that would limit him to stand and sit as needed and because he has not failed maximum medical therapy, it is likely that determining him to be totally and permanently unemployable due to his service-connected spine condition is premature" (Exhibit 2D).
>
> Thus, while the Administrative Law Judge gives appropriate intermediate weight to these findings, based on the Social Security Act, case law and SSA policy, the undersigned is not necessarily bound by the terms and the ultimate conclusions of other decisions of disability but is required to consider these findings in rendering a decision.   The VA found that the claimant had not failed in ability to perform sedentary work with the option to sit and stand as needed.   The undersigned considered VA findings, assigns the claimant to light weight with sit stand option every 35 minutes to an

9

> hour and no prolonged standing and walking with ability to sit six hours in a typical workday.  This essentially limits the claimant to sedentary activities under the rules and regulations of Social Security, which is not inconsistent with VA findings.

(Tr. 19-20).  The ALJ had the benefit of reviewing the VA medical records plus other medical evidence in the record that the VA did not have the opportunity to consider.  The undersigned concludes the ALJ's evaluation and assignment of weight to the VA disability determination is supported by substantial evidence in the record and comports with 20 C.F.R. § 404.1504 and Social Security Ruling 06-03p, 2006 WL 2329939, at *6-7 (Aug. 9, 2006).

On March 14, 2011, Mr. Young issued a report indicating he had reviewed the "entire claims file" on Plaintiff, and he opined that Plaintiff would be "unable to secure or follow a gainful occupation as a result of his service-connected disabilities" (Tr. 291).  The ALJ did not discuss and assign weight to the vocational opinion of Mr. Young.   However, the ALJ had the benefit of reviewing subsequent treatment records regarding Plaintiff's physical and mental conditions.  Additionally, Christopher Rymond, the vocational expert who testified during the administrative hearing, had the benefit of reviewing the complete case record before he rendered his vocational opinions (Tr. 61).   Moreover, the vocational opinions of Mr. Rymond were more comprehensive because they were the product of specifically tailored hypothetical questions posed by the ALJ and Plaintiff's counsel (Tr. 61-69).   Although the ALJ must provide a statement discussing the evidence and reasons on which the decision is based, 42 U.S.C. § 405(b)(1), the undersigned finds that the ALJ's omission of any discussion about Mr. Young's vocational opinion was harmless error.

D

Plaintiff also disagrees with Finding Nos. 6 and 7 (DN 14 at p. 3).   In Finding No. 6 the ALJ considered the vocational expert's testimony and concluded through the date last insured, Plaintiff was capable of performing his past relevant work as a riveter with a sit/stand option and an administrative clerk as he performed that work (Tr. 21).   In the alternative, the ALJ found there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform given his age, education, work experience, residual functional capacity and the vocational expert's testimony (Tr. 21-22).   In Finding No. 7 the ALJ determined Plaintiff was not under a disability, as defined by the Social Security Act, at any time from July 11, 2010, the alleged onset date, through December 31, 2012, the date last insured (DN 22).

Plaintiff argues Finding Nos. 6 and 7 are not supported by substantial evidence because of the challenges he has made to Finding Nos. 3 and 5 (DN 14 at p. 3-7).   The undersigned has concluded Plaintiff's challenges to Finding Nos. 3 and 5 are either without merit or involve harmless error.   Moreover, the undersigned has carefully reviewed the record and concludes Finding Nos. 5, 6, and 7 are supported by substantial evidence in the record.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is recommended that judgment be granted for the Commissioner.

<u>NOTICE</u>

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.   Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.   If a party has objections, such objections must be timely filed or further appeal is waived.   <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, 474 U.S. 140 (1984).

Copies:        Counsel