UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00068-GNS-HBB

DEREK T. BROWN                                                 PLAINTIFF

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Brent Brennenstuhl issued his Findings of Fact, Conclusions of Law, and Recommendations denying Derek T. Brown's ("Brown") claim for Social Security Disability benefits. (DN 16). Brown has filed objections to these findings. (DN 17). Because the Administrative Law Judge's ("ALJ") findings are supported by substantial evidence, the objections are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Recommendations.

### I.     BACKGROUND

This action arises from the ALJ's denial of Plaintiff Brown's Social Security disability insurance benefits. (Compl. ¶ 4, DN 2). Brown alleges he became disabled on July 11, 2010, as a result of degenerative disc disease, degenerative arthritis, depression, shortness of breath, thyroid problems, and acid reflux. (Admin. R. 12, 266, DN 9 [hereinafter R.]). The ALJ conducted a hearing on January 24, 2014, in Campbellsville, Kentucky. (R. 12). On March 14, 2014, the ALJ rendered a decision that Brown was not disabled using the five-step sequential process set forth by the Social Security Administration. (R. 12, 23). At the first step, the ALJ found Brown has not engaged in substantial gainful activity from July 11, 2010, through December 31, 2010, the date Brown's insured status expired. (R. 14). At the second step, the ALJ determined that Brown's

depression was "non-severe" while Brown's back pain and obesity were "severe" within the meaning of the Social Security Administration regulations. (R. 14-15). Third, the ALJ concluded that Brown does not have an impairment or combination of impairments that meets one of the listed impairments in Appendix 1. (R. 15). Fourth, the ALJ found Brown has the residual functional capacity ("RFC") to perform a restricted range of light work. (R. 16). As for the fifth and final step, the ALJ found that Brown is capable of performing a significant number of jobs that exist in the national economy. (R. 23). Thus, the ALJ determined Brown was not disabled and not entitled to benefits. Brown claims he has not engaged in a substantial gainful activity from an alleged onset date of July 11, 2010, through December 31, 2010 the date he was last insured. (R. 14). Brown filed a request for review to the Appeals Council, which was denied. (R. 8-9). Magistrate Judge Brennenstuhl issued his Findings of Fact and Conclusions of Law denying benefits on January 27, 2016. (R & R, DN 16).

## II.　JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III.　STANDARD OF REVIEW

Social security cases may receive different levels of review in federal district courts. The Federal Magistrates Act allows district judges to designate magistrate judges to issue "proposed findings of facts and recommendations for disposition . . . ." 28 U.S.C. § 636(b)(1)(B). The magistrate judge then files a recommendation, to which each party may object within fourteen days. 28 U.S.C. § 636(b)(1). Those parts of the report to which objections are raised are reviewed by the district judge de novo. 28 U.S.C. § 636(b)(1). This differs from the standard

applied to the Commissioner of Social Security's decision, which is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Evidence that a "reasonable mind might accept as adequate to support a conclusion" is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citations omitted). Where substantial evidence supports the ALJ's decision, a Court is obliged to affirm. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The Court should not attempt to resolve conflicts of evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The district court may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV. **DISCUSSION**

Brown makes two objections to the Magistrate Judge's recommendations. (Pl.'s Objs. To R & R, DN 17 [hereinafter Pl.'s Objs.]). First, Brown alleges that the Magistrate Judge wrongly determined that the ALJ's failure to consider the report of vocational expert, Christopher Young, was harmless error. (Pl.'s Objs. 1). Second, Brown contends the Magistrate Judge erred in determining that the ALJ properly evaluated the Brown's claimed impairments. (Pl.'s Objs. 2). The Court adopts the Magistrate Judge's recommendations.

Brown's first objection is that the ALJ "purposely failed to consider evidence that was favorable" to Brown and that the ALJ engaged in "cherry-picking" unfavorable opinions to Brown. (Pl.'s Obj. 2). Brown emphasizes that the ALJ did not expressly discuss the disabling opinion of vocational expert, Christopher Young ("Young"). (Pl.'s Obj. 1-2). The Magistrate

Judge acknowledged that the ALJ did not discuss the opinion of Young. (R & R 10). This lack of discussion, however, constitutes harmless error. The ALJ did, however, "consider the entire record" and had the benefit of the testimony of vocational expert Christopher Rymond ("Rymond"). (R. 16, 61). Rymond had also reviewed Young's report prior to rendering his opinion. (R. 61). While not directly addressing Young's opinion, the ALJ did discuss evidence which was a component of Young's opinion and the opinion of Rymond which took into account Young's opinion. (R. 16, 61). Therefore, the omission of any discussion regarding Young's opinion was harmless error.

Brown objects to the Magistrate Judge's conclusion that the ALJ properly considered Brown's depression and knee issues as non-severe. (Pl.'s Objs. 6). As noted above, at the third step of the five-step sequential evaluation process, the claimant must establish he suffers from a severe impairment. 20 C.F.R. § 404.1520(a)(4)(ii); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). The burden is on Brown to establish his impairments are severe. *Bowen*, 880 F. 2d at 863. "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id*. at 862 (citation omitted). Brown's objection is moot in this case because ultimately the ALJ's finding that Brown's depression and knee injury were not severe had no bearing on the ultimate decision to deny benefits. If an ALJ finds that the claimant suffers from at least one severe impairment at the third step of the sequential analysis, the ALJ must continue the analysis. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987). The ALJ ultimately considers all impairments when determining RFC, including those that did not constitute severe impairments at the third step in the analysis. *Id*. Therefore, if the ALJ finds that at least one impairment is severe, any failure to define other impairments as severe cannot constitute reversible error. *Id*.

The ALJ found that Brown suffered from two severe impairments, obesity and spinal problems (R. 14). Furthermore, the ALJ considered both of Brown's depression and knee problems when making the ultimate determination to deny benefits. (R. 16-23). Therefore, the Court declines to consider the ALJ's decision regarding the severity of Brown's depression and knee problems because this decision had no bearing on the ultimate ruling to deny benefits. *Maziarz*, 837 F.2d at 244. Therefore, the Court denies Brown's objections.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge (DN 16) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Brown's Objections (DN 17) are **OVERRULED**.

**Greg N. Stivers, Judge**
**United States District Court**
April 5, 2016

cc: counsel of record